## SAMUEL ZEIDER
*vs.*
## TOWN OF WOODBRIDGE

Superior Court          New Haven County          File No. 62230

MEMORANDUM FILED MARCH 22, 1943.

*Nathan Winnick,* of New Haven, for the Plaintiff.

*Watrous, Gumbart & Corbin,* of New Haven, for the Defendant.

Memorandum of decision in action based on failure to sand ice-covered highway.

WYNNE, J. Even if the court found the facts exactly as claimed by the plaintiff and adopted the most liberal view possible under our decisions, the conclusion is compelling that the plaintiff has no claim against the defendant. No one would contend that a town in this fickle climate is under a duty to sand every part of every road after winter's icy fangs have taken hold. Yet this would be the inevitable sequel to the plaintiff's theory. The spot where the accident happened is substantially level. The road is a lonely, connecting road from a main highway to a parallel inhabited road. Not a dwelling is on the road in question. It is not the only route available, even though the most convenient. It is not infrequent that travelers in bad weather have to choose an alternative route. The longest way round often is the shortest way home.

It must be remembered that sand does not mean safety. Icy roads are always hazardous. Sand is used as a help to secure traction or to make possible the ascent or descent of hills. It is sometimes indispensable on curves that would otherwise hold peril. But it would be an unreasonable rule that level, straight roads be sanded. The expense would be staggering. A municipality is under the duty to keep its roads reasonably safe. The correlative duty on the part of the traveler is the use of care suitable to the occasion. This means that a traveller might have to be cautious in the ex-

treme in traveling on a road where the fair discharge of its duty called for little or nc precaution on the part of the municipality.

In the court's opinion there was no defect in this highway. There was ice. It is a narrow country road with trees in close proximity. A person using it in winter would be held to know its character. Particularly would this be true of one living close to it for over 20 years. The conclusion is inescapable that it was plaintiff's rate of speed and momentary lapse in the high degree of care encumbent upon him, and not any failure of duty on the part of the town, that was the cause of this mishap.

Judgment may issue for the defendant.